JAMES McMAHAN, Respondent, *v.* JOHN A. FRANKLIN, WILLIAM H. MAY, AND JACOB LEE, Appellants.

*Principal and Agent.*—It is the duty of an agent in all cases where he has collected money for his principal, to give him immediate notice of the fact.

McMahan v. Franklin et als.

*Appeal from Montgomery Circuit Court.*

Plaintiff delivered to defendants tobacco, to be by them forwarded to St. Louis for sale. The tobacco was sold by defendants' factors in St. Louis, and the proceeds remitted by express to defendants, who did not notify the plaintiff of the sale and receipt of proceeds. Subsequently, the defendants' store was broken open and plundered by rebel enemies, and the moneys in defendants' safe stolen.

At the trial, the following instructions were given :

1. If the jury believe from the evidence that the defendants had notice of the approach of the king's enemies a sufficient time before their arrival to have removed plaintiff's money to a place of safety, and neglected to do so, then defendants were guilty of culpable negligence, and the jury must find for the plaintiff if they should also believe from the evidence that defendants, acting as commission merchants and shipping agents, had received the returns of sale of the plaintiff's tobacco.

2. If the jury believe from the evidence that the proceeds of the sale of the tobacco was not taken by the king's enemies, but the same was secured and preserved by Franklin, May & Co., and that plaintiff made a demand for said proceeds and the defendant refused or failed to pay, then the jury must find for plaintiff.

3. If the jury believe from the evidence that the defendants, as forwarding and commission merchants, received the proceeds of the sale of the tobacco a considerable time before the taking of said proceeds by the king's enemies, and that the plaintiff had no notice of that fact, and that the defendants failed to send such notice, then the defendants were guilty of culpable negligence, and such taking by the king's enemies constitutes no defence to this suit.

4. If the jury believe from the evidence that a legal demand was made for the proceeds of the sale of the tobacco, and defendants failed to pay over the same, then the jury

must find for the plaintiff; and the jury are instructed that a demand made by a person having a verbal authority from plaintiff, and having in his possession the receipt for the shipment of the tobacco at the time of the demand, is sufficient authority to make the demand so made a legal demand, if they also believe from the evidence that the defendants made no objection at the time of such demand on the score of authority.

The defendants then asked for the following instructions:

1. If the jury believe from the evidence that on the night of the 14th of October, 1864, the money sued for by plaintiff was taken, stolen and carried away from the store or possession of defendant's by the king's enemies, those of the United States, or of the State of Missouri, and that said money was without the fault or negligence of defendants taken, stolen and carried away by such enemies and marauders, then the plaintiff cannot recover in this action.

2. The defendants were not bond to give notice to the plaintiff of the receipt of the money unless they find that the defendants, in this case or transaction, acted as forwarding and commission merchants, and were receiving pay or commission on the amount of sales they made in such capacity.

3. By the term "king's enemies, those of the United States, or of the State of Missouri," is meant persons connected with or belonging to the military forces of a *de facto* power at war with the Government of the United States.

*Henderson, Dyer & Orrick*, for appellants.

*Sanders & Carkener*, for respondent.

The evidence shows that the money was received by appellants on the 26th September, 1864, and that the time at which the appellants claim the money was stolen was on the 14th October, A. D. 1864, making a period of eighteen days that the money was retained by the appellants before the time that they claim the same was stolen. This was not reasonable notice—Lyle v. Murray, 4 Sanf. (N. Y.) 590;

Holmes v. City of Carondelet.

Davis v. Davis et als., 10 Johns. 284; Story v. Turner & Co., 4 Rawl. 223.

WAGNER, Judge, delivered the opinion of the court.

The error complained of in this case is the giving improper instructions; but, after an examination of the evidence upon which they are based, we have wholly failed to perceive how they could have injured the appellants. Assuming, as is here contended, that the appellants acted as agents for the respondent, instead of forwarding and commission merstill they are in no better condition, for the proof shows that they had received the money, and entirely neglected to notify their principals; and it is the duty of an agent, in all cases where he has collected money for his principal, to give him immediate notice of the fact.

We do not approve of the phraseology of respondent's third instruction, and the words "considerable time" might ordinarily have a tendency to mislead the jury. The reasonableness or unreasonableness of time would have been the proper mode of submitting the matter to the jury. However, it is obvious in this case, viewing all the facts and circumstances, that the result would have been the same, and that the appellants have no reason to complain.

The judgment is affirmed. The other judges concur.